IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIESHA TABON, | : | |
|     Plaintiff, | : | |
| v. | : | No.: 10-cv-2781 |
| | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |
| HEALTH SYSTEM and PRESBYTERIAN | : | |
| MEDICAL CENTER OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA HEALTH SYSTEM, | : | |
|     Defendants. | : | |

### MEMORANDUM AND ORDER

**LYNNE A. SITARSKI**                                                                                              **July 20, 2012**
**UNITED STATES MAGISTRATE JUDGE**

      Currently pending before the Court is Plaintiff's Motion to Amend Her Complaint (Doc. No. 64), and Opposition of Defendants University of Pennsylvania Health System and Presbyterian Medical Center of The University of Pennsylvania Health System d/b/a Penn Presbyterian Medical Center to Plaintiff's Motion to Amend Her Complaint (Doc. No. 72). Plaintiff seeks to amend her complaint to include claims under the Pennsylvania Human Relations Act. As more fully set forth herein, Plaintiff's Motion to Amend is **GRANTED**.

**I.      FACTS AND PROCEDURAL HISTORY**

      The underlying action concerns alleged employment discrimination against Plaintiff Tiesha Tabon ("Plaintiff") by her former employer, Defendants University of Pennsylvania Health System and Presbyterian Medical Center of The University of Pennsylvania d/b/a Penn Presbyterian Medical Center ("Defendants"). By way of background, Plaintiff worked as a nurse for Defendants. On September 23, 2009, Plaintiff was terminated by Defendants for allegedly

falsifying documentation and for failing to follow a doctor's order.

Upon being terminated, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge on November 5, 2009, at which time the charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Defs.' Opp'n 1, Ex. 1. On June 10, 2010, Plaintiff initiated this lawsuit against Defendants, asserting violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000(e) *et seq.* The PHRC issued a notice of case closure on March 28, 2011. *Id.* at 2. Discovery in this case was closed on January 27, 2012. *Id.*

On May 15, 2012, Plaintiff filed the instant motion to amend her complaint. Specifically, Plaintiff seeks to amend her complaint to include claims under the Pennsylvania Human Relations Act ("PHRA"). Pl.'s Mot. to Amend 1. Essentially, Plaintiff contends that she should be permitted to amend her complaint because claims under Title VII and the PHRA are identical, and there is no evidence of bad faith or prejudice to Defendants in the proposed amendment. Pl.'s Mem. Law Supp. Mot. 4-6. In response, Defendants argue that Plaintiff's motion should be denied because Plaintiff engaged in undue delay in seeking leave to amend. Defs.' Opp'n. 3.

II.   **LEGAL STANDARDS**

"Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings by leave of court, which should be freely given when justice so requires." *Sharif v. Picone*, No. 09-2501, 2012 WL 2159302, at *3 (E.D. Pa. June 14, 2012). This rule "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006)). "Among the factors that

2

may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* at 204 (*citing Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). However, "'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" *Id.* (*quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). "Prejudice means 'undue difficulty in prosecuting [or defending] a law suit as a result of a change in tactics or theories on the part of the other party.'" *Cummings v. City of Phila*, No. 03-0034, 2004 WL 906259, at *3 (E.D. Pa. Apr. 26, 2004) (*quoting Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)).

> Courts have found undue prejudice to the non-moving party and denied leave to amend where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed.

*Id.* at *4.

Delay (i.e., the passage of time), without more, is not sufficient to justify denial of leave to amend. *See Arthur*, 434 F.3d at 204 (*citing Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984)); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "'[H]owever, at some point, . . . delay will become 'undue,' placing an unwarranted burden on the court . . . [and] an unfair burden on the opposing party.'" *Arthur*, 434 F.3d at 204 (*quoting Cureton*, 252 F.3d at 273). Only when delay becomes <u>undue</u> is leave to amend properly denied. *See Romero v. Allstate Ins. Co.*, No. 01-3894, 2010 WL 2996963, at *5 (E.D. Pa. July 28, 2010) (*citing Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 291 (E.D. Pa. 1992)).

To determine whether delay is undue, courts have considered: prejudice to the nonmovant; the burden on the court; the movant's reasons not amending sooner; whether permitting the amendment would unduly postpone the pending litigation; and whether tactical or strategic motives underlie the delay.  *See, e.g., Langbord v. U.S. Dep't of the Treasury*, 749 F. Supp. 2d 268, 275 (E.D. Pa. 2010); *Romero*, 2010 WL 2996963, at *5-12; *Cincerella v. Egg Harbor Twp. Police Dep't*, No. 06-1183, 2007 WL 268295, at *2 (D.N.J. Sept. 6, 2007).  "'Ultimately, 'the obligation of the district court in its disposition of the motion is to articulate the imposition or prejudice caused by the delay, and to balance those concerns against the movant's reasons for delay.'" *Synthes, Inc. v. Marotta*, No. 11-1566, 2012 WL 748758, at *6 (E.D. Pa. Mar. 6, 2012) (*quoting Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).  Nevertheless, "[e]ven if the moving party does not explain the reason for delay, 'such delay itself will not serve as a basis for denying [the] motion unless the defendant is prejudiced.'" *Cincerella*, 2007 WL 2682965, at *2 (*quoting Jenn-Air Prods. Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 594 *E.D. Pa. 1968)).

Importantly, "there is no presumptive period during which such a motion is considered 'timely' or after which delay becomes 'undue.'" *Bjorgung v. Whitetail Resort*, No. 03-2114, 2007 WL 2906267, at *2 (M.D. Pa. Sept. 28, 2007) (*quoting Arthur*, 434 F.3d at 205).  Courts in the Third Circuit have granted motions to amend filed over a year after the original complaint was filed.  *See Langbord*, 749 F. Supp. 2d at 271-75 (finding that a four-year delay in filing a motion to amend where the addition of claims "neither introduces new factual issues nor revives irrelevant disputes" was not undue because there was no prejudice); *Jackson v. Lehigh Valley Physicians Group*, No. 08–3043, 2010 WL 3855274, at *2 (E.D. Pa. Sept. 29, 2010) (granting a

4

motion to amend where the motion was filed over a year after the end of discovery); *Doltz v. Harris & Assocs.*, 280 F. Supp. 2d 377, 392 (E.D. Pa. 2003) (granting a motion to amend where the motion was filed 18 months after the start of litigation and two months after the end of discovery); *but see Cureton*, 252 F.3d at 275-76 (finding that the district court did not abuse its discretion in denying a motion to amend where a three-year delay created significant prejudice).

  Courts in the Third Circuit certainly have granted motions to amend in Title VII cases in which Plaintiff proposes to add state law claims under the PHRA.[1] *See Schofield v. Trs. of the Univ. of Pa.*, 894 F. Supp. 194, 197 (E.D. Pa. 1995) (granting leave to amend a complaint under Title VII to include a PHRA claim); *Phillips-Burke v. Neshaminy Constructors, Inc.*, No. 89-8497, 1992 WL 80803, at *6 (E.D. Pa. Apr. 13, 1992) (granting leave to amend because "[t]he claims under the PHRA and Title VII are sufficiently similar to mitigate any prejudice to defendant"); *Thorne v. Universal Props., Inc.*, No. 86-0333, 1987 WL 15217, at *1 (E.D. Pa. Aug. 4, 1987) (granting leave to amend to include a PHRA claim because the motion was filed less than two years after the plaintiff exhausted her administrative remedies under the PHRA);

---

[1] Under the PHRA, a complaint must be filed with the PHRC within 180 days of the alleged act of discrimination. 43 Pa. Cons. Stat. § 959(h). "If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant." *Id.* § 962(c)(1). A complainant may file an action upon receipt of such notice. *Id.* In addition, a complainant may file an action if the PHRC fails to send notice after one year has passed from the time a complaint was filed. *Burgh v. Borough Council of Montrose,* 251 F.3d 465, 471 (3d Cir. 2001). An action must be filed under the PHRA "within two years after the date of notice from the Commission closing the complaint." 43 Pa. Cons. Stat. § 962(c)(2). Further, "[t]he PHRA permits a prevailing plaintiff to recover uncapped compensatory damages as well as additional legal or equitable relief as the court deems appropriate." *Gregor v. Pickering Manor Home*, No. 07-2268, 2008 WL 2265271, at *1 (E.D. Pa. June 3, 2008) (*citing* 43 Pa. Cons. Stat. § 962(c)(3)).

*but see Gregor*, 2008 WL 2265271, at *1 (denying a motion to amend to include PHRA claims where the motion was filed four months after the complaint with the PHRC was dismissed).

### III.  DISCUSSION

Plaintiff seeks to amend her complaint to include claims under the PHRA.  Plaintiff contends that her request to amend was made well within the statute of limitations on the proposed PHRA claims, and that there is no difference in the legal analysis of Title VII and PHRA claims.  Pl.'s Mem. Law Supp. Mot. 4-5.  Plaintiff further argues that an increase in potential damages is not a recognized form of prejudice, and no new discovery would be required to litigate her PHRA claims.  *Id.* at 5-6.  In response, Defendants argue that Plaintiff unduly delayed in seeking leave to amend because the motion was filed eighteen months from the time Plaintiff could have sought relief and several months after the close of discovery.  Defs.' Opp'n. 3.  Defendants further contend that, even if Plaintiff waited until she received notice of case closure from the PHRC, Plaintiff could have pursued PHRA claims as of March 28, 2011.  *Id.*

Upon review, Defendants do not assert – and nothing in the record before the Court suggests – bad faith, dilatory motive, or futility of amendment.  *See Romero*, 2010 WL 2996963, at *3 (finding that bad faith, dilatory motive, and futility may justify denial of leave to amend).  In opposing the motion to amend, Defendants exclusively focus upon Plaintiff's alleged undue delay without an adequate justification.  Although Plaintiff has not provided any reason to excuse the delay, Defendants failed to assert prejudice, which is an essential element in assessing whether there was undue delay in seeking leave to amend.  *See Thomason v. Potter*, No. 07-569,

6

2008 WL 4560718, at *2 (D.N.J. Oct. 9, 2008) (*citing Cincerella*, 2007 WL 2682965, at *2) ("Leave to amend should only be denied because of undue delay if the delay causes prejudice to the non-moving party.").

In light of the liberal pleading standard regarding motions to amend, it is appropriate for Defendants to explain how they would be prejudiced by the addition of PHRA claims. *See Dawn Rest. Inc., v. Penn Millers Ins. Co.*, No. 10-2273, 2011 WL 3625120, at *2 (D.N.J. Aug. 16, 2011) (*citing Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)) (finding that the non-moving party has the burden of establishing prejudice); *The Pep Boys-Manny, Moe & Jack v. Safeco Corp.*, No. 04-5723, 2005 WL 3120265, at *2 (E.D. Pa. Nov. 21, 2005) (same). Defendants claim "undue delay" without any explanation as to how granting the instant motion would affect Defendants' ability to properly prepare a defense. Defendants' unsupported assertion of undue delay does not amount to a finding of prejudice. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (*quoting Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of the V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)) ("[T]he non-moving party must do more than merely claim prejudice."). Defendants do <u>not</u> contend that further discovery would be required by addition of the PHRA claims, nor do they argue that the potential increase in damages works the type of "prejudice" that justifies denial of amendment. Thus, Defendants have failed to provide this Court with sufficient explanation as to how they would be prejudiced by the proposed amendment.

To the extent it could be argued that the PHRA claim is prejudicial because it is a "new" claim that involves a potentially greater damages award, such still would not justify denial of amendment. Plaintiff's PHRA claims are identical to, and involve the same legal analysis as, the Title VII claims. *See Devore v. Cheney Univ. of Pa.*, No. 11-274, 2012 WL 10322, at *15 (E.D.

Pa. Jan. 3, 2012) (explaining that "PHRA claims are subject to the same analysis as Title VII claims"); *Logan v. In-Ter-Space Servs., Inc.*, No. 07-0761, 2007 WL 2343868, at *3 (E.D. Pa. Aug. 15, 2007) (*quoting Slagle v. Cnty. of Clarion*, 435 F.3d 262, 265 n.5 (3d Cir. 2006)) ("[T]he PHRA is to be interpreted as identical to the federal anti-discrimination laws except where there is something specifically different in its language."). The addition of PHRA claims will not cause undue delay because there is no need for additional discovery. *See Romero*, 2010 WL 2996963, at *13 (*quoting Pegasus Int'l Inc. v. Crescent Mfg. Co.*, No. 06-2943, 2007 WL 1030457, at *3 (E.D. Pa. Apr. 2, 2007)) ("[W]here '[t]he evidence required to meet these new allegations is substantially similar to that which was originally required,' prejudice does not exist."); *Langbord*, 749 F. Supp. 2d at 273 (finding no undue delay where the non-moving party "will occupy no worse a position"); *Harel v. Rutgers, The State Univ.*, 5 F. Supp. 2d 246, 261 (D.N.J. 1998) (finding no prejudice where the defendants had notice that a Title VII claim might be added because an EEOC charge was pending when the suit was brought). Further, that the PHRA claims have no cap on pain and suffering damages is not "prejudice" sufficient to justify denial of amendment. *See Jackson*, 2010 WL 3855274, at *2 (finding that the addition of claims for punitive damages would not create prejudice); *McMahon Books, Inc. v. Willow Grove Assocs.*, No. 84-3861, 1987 WL 15428, at *1 (E.D. Pa. Aug. 6, 1987) ("[An increase in potential damages] does not amount to the type of prejudice which counsels against the granting of leave to amend.").

## IV. CONCLUSION

For the foregoing reasons, Defendants have failed to meet their burden of establishing prejudice. Moreover, this Court finds no evidence of prejudice. Accordingly, Plaintiff's Motion to Amend Her Complaint is **GRANTED**.

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE